## MANNING v. BIENVILLE LUMBER CO.

(In Banc. March 5, 1934.)

[152 So. 885. No. 30890.]

W. H. Cox, of Jackson, for appellant.

Shaw & Pilgrim, of Jackson, for appellee.

Argued orally by **W. H. Cox**, for appellant.

**Ethridge, J.**, delivered the opinion of the court.

The Bienville Lumber Company filed a petition in the circuit court of Hinds county to establish a materialmen's lien upon a building erected by J. O. Manning of materials furnished by the Bienville Lumber Company.

It appears that one Cassity made an agreement with the appellant, J. O. Manning, by which Cassity was to sell a bill of lumber to the appellant in payment of a debt owing to Manning by Cassity; the latter being a stockholder in the Bienville Lumber Company. The bill was made out by Cassity with this notation at the bottom thereof:

"Mr Mitchell (he being manager of the Bienville Lumber Company).

"Mr. Manning wants you to quote him F. O. B. Jackson, the above bill of lumber as soon as possible.

"Yours                    M. M. C."

Mr. Mitchell knew Cassity's handwriting, and made Manning a price on the bill of lumber, mailing it to Cassity and delivering the lumber to Manning who used it in the erection of a house.

It would seem that the Bienville Lumber Company did not know of the agreement between Cassity and Manning, and that Manning did not know, until after he had used the lumber in the erection of his house, that Cassity had not paid for the lumber or that it had been billed to him. Manning refused to pay the Bienville Lumber Company for the lumber, and this proceeding was instituted. On the trial, the circuit judge denied the lien prayed for, but gave judgment against Manning for the amount sued for, from which this appeal is prosecuted.

As shown by the record, Manning did not intend to have the lumber billed to him, as he was buying it from Cassity, and Cassity was not Manning's agent in procuring the lumber, and there was no agreement of any kind that the lumber was to be purchased, by Manning, from the Bienville Lumber Company. Cassity seems to have misled both parties in this transaction; and there was no meeting of minds between Manning and the Bienville Lumber Company, since Manning had not bought the lumber from said company.

Under these circumstances, Cassity would be liable to the Bienville Lumber Company for the lumber, but Manning would not, since Cassity caused the lumber to be delivered to Manning, and, while Cassity may not have been authorized by the Bienville Lumber Company to have this lumber charged to himself, still he would be liable to the Bienville Lumber Company because of his failure to disclose the true facts to said company.

There having been no contract between Manning and the Bienville Lumber Company, either express or implied, there could be neither a lien established on the building, nor a judgment against Manning.

The judgment of the court below will therefore be reversed, and the cause dismissed.

Reversed, and cause dismissed.

**Anderson, J.,** delivered a dissenting opinion.

There is no dispute about the facts in this case. Manning and Cassity both lived in Jackson. The Bienville Lumber Company was located at Forest. Cassity was a stockholder in the lumber company, but not its agent. He had no other connection with it than his ownership of stock. Manning wanted to build a house in Jackson. Cassity was indebted to Manning in a sufficient amount to pay for the lumber Manning wanted for the purpose. Manning requested Cassity to buy the lumber for him from the Bienville Lumber Company

and pay for it himself, and he (Manning) would credit Cassity with the amount on what Cassity was due him. Cassity agreed to this. Thereupon Manning made out a bill of lumber he wanted and turned it over to Cassity. Cassity sent it by mail to the Bienville Lumber Company, and stated in a note at the bottom of the bill that Manning wanted the lumber company to quote prices to him as soon as possible, f. o. b. Jackson. The lumber company did as requested, sending the quotation to Cassity, who delivered it to Manning. The lumber company sent the lumber on trucks to Jackson and delivered it on the ground where Manning was building his house, and Maning received it.

After the lumber was used in building the house, Manning learned for the first time that the Bienville Lumber Company was selling the lumber to him and not to Cassity, and it was then that the lumber company learned for the first time that the agreement between Cassity and Manning was that Cassity was to pay for the lumber. Cassity never paid for the lumber.

There is no controversy as to the value of the lumber. The lumber, as shown, went into Manning's house, and he got the benefit of it. The lumber is therefore gone from the lumber company. The lumber company is out its value, while Manning is out nothing and has the lumber. There is nothing in the record to show that Manning cannot collect his indebtedness against Cassity. Cassity did not testify in the case.

These conditions were brought about without any fault of either the lumber company or Manning. It was the fault of Cassity. Now who should suffer for Cassity's fault? I think Manning should, for two very good reasons: First, he received the lumber and got the benefit of its value. The lumber company parted with the lumber and its value and received nothing in return. Second, who put it in Cassity's power to bring about this result? The answer is Manning, and Manning alone. If Cassity was the agent of either party, it was Manning,

not the lumber company, because Manning procured quotation of prices from the lumber company through Cassity; the lumber company did not select Cassity for the purpose. Cassity had no contract with the lumber company. He did not purchase the lumber from the lumber company, nor did he agree with the lumber company to pay for it. The lumber company did not know him in the transaction, except as a mere conduit for the quotation of prices to Manning. The effect of the majority opinion is to erect out of the transaction a contract between Cassity and the lumber company; when no such contract existed. Nor can the principle be applied here that, where a contract is made for the benefit of a third party, the third party may recover upon it although not a party to it, for this contract was made not for the benefit of the Bienville Lumber Company, put for the benefit of Manning.

It appears to me that under the principles of both legal and moral justice Manning ought to be made to pay the lumber company for what he received.

**Griffith, J.**, joins in this dissent.